IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| JOSEPH C. JONES, II, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 2:21-cv-429-WHA-SMD |
| | ) | |
| JULIE MOODY | ) | |
| | ) | |
| Defendant. | ) | |

## RECOMMENDATION OF THE MAGISTRATE JUDGE

Pro se Plaintiff Joseph C. Jones, II (Jones), an inmate currently incarcerated in the Covington County Jail, brings this action under 42 U.S.C. § 1983. *Compl.* (Doc. 1) p. 1. Proceeding *in forma pauperis*,[1] Jones alleges that Defendant Julie Moody ("Judge Moody")—Covington County, Alabama District Court Judge—erroneously delayed his initial appearance and denied him release on a personal recognizance bond. *Id.* at 3–4. Jones seeks monetary compensation for his time incarcerated and dismissal of the charges against him. *Id.* at 4. As explained below, Judge Moody is absolutely immune from these claims. The undersigned therefore recommends that this case be dismissed.

In the Eleventh Circuit, a district court may review any complaint filed *in forma pauperis* under 28 U.S.C. § 1915(e)(2)(B). *See Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1306 (11th Cir. 2004). Under this statute, a court must dismiss a complaint if it: (i) is "frivolous or malicious," (ii) "fails to state a claim on which relief may be granted," or

---

[1] *See Order* (Doc. 3) p. 1 (granting Jones's motion to proceed *in forma pauperis*).

(iii) "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). A court has broad discretion to manage its *in forma pauperis* cases and to determine whether a complaint should be dismissed under § 1915(e)(2)(B). *Phillips v. Mashburn*, 746 F.2d 782, 785 (11th Cir. 1984).

Additionally, federal courts liberally construe pro se pleadings. *Alba v. Montford*, 517 F.3d 1249, 1252 (11th Cir. 2008). The general rule is that courts hold pro se pleadings to a less stringent standard than pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). This leniency, however, does not give a court "license to serve as *de facto* counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action." *Williams, Scott & Assocs. v. United States*, 838 F. App'x 501 (11th Cir. 2021) (per curiam) (quoting *Campbell v. Air Jam. Ltd.*, 760 F.3d 1165, 1168–69 (11th Cir. 2014)). A court should dismiss a pro se complaint without providing leave to amend "where amendment would be futile"[2]—i.e., where the complaint as amended would still be subject to dismissal.[3]

Here, Jones's claim should be dismissed under 28 U.S.C. § 1915(e)(2)(B)(iii) because Judge Moody is absolutely immune from suit. Jones alleges that Judge Moody erroneously delayed his initial appearance and denied him release on a personal recognizance bond. *Compl.* (Doc. 1) pp. 3–4. "A judge enjoys absolute immunity from suit for judicial acts performed within the jurisdiction of his court." *McCullough v. Finley*,

---

[2] *Stringer v. Jackson*, 392 F. App'x 759, 760 (11th Cir. 2010).

[3] *Smith v. Hildebrand*, 244 F. App'x 288, 290 (11th Cir. 2007).

907 F.3d 1324, 1330 (11th Cir. 2018); *see also Mireles v. Waco*, 502 U.S. 9, 11 (1991) ("[J]udicial immunity is an immunity from suit, not just from ultimate assessment of damages.").

In *Stump v. Sparkman*, 435 U.S. 349, 356–57 (1978), the Supreme Court established a two-part test for determining whether a judge is immune from suit. The first part of the test is whether the judge dealt with the plaintiff in a judicial capacity. *Simmons v. Conger*, 86 F.3d 1080, 1085 (11th Cir. 1996). If so, the second part of the test is whether the judge "acted in the 'clear absence of all jurisdiction.'" *Id.* (quoting *Stump*, 435 U.S. at 357). In conducting this analysis, federal courts "look at the nature and function" of a particular act, "not the propriety of the act itself, and consider whether the nature and function of the particular act is judicial." *McCullough*, 907 F.3d at 1330.

Based on the face of Jones's complaint, Judge Moody is entitled to absolute immunity. First, Judge Moody was acting in her judicial capacity when she ostensibly delayed Jones's initial appearance and denied him relief on a personal recognizance bond. Second, Judge Moody was not acting in the clear absence of all jurisdiction when she held Jones's initial appearance and denied him bond. *See Dykes v. Hosemann*, 776 F.2d 942, 947–48 (11th Cir. 1985) (en banc) (explaining that a judge does not act in the clear absence of all jurisdiction unless her actions are clearly outside the subject matter jurisdiction of the court in which she presides). Thus, Judge Moody is immune from suit.

\*    \*    \*

For these reasons, the undersigned RECOMMENDS that this case be dismissed without prejudice.

It is ORDERED that the parties shall file any objections to this Recommendation on or before **October 13, 2021**. A party must specifically identify the factual findings and legal conclusions in the Recommendation to which each objection is made; frivolous, conclusive, or general objections will not be considered. Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1) shall bar a party from a de novo determination by the District Court of legal and factual issues covered in the Recommendation, and waives the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11TH CIR. R. 3-1; *see also Stein v. Lanning Secs., Inc.*, 667 F.2d 33 (11th Cir. 1982); *Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

Done this 29th day of September, 2021.

Stephen M. Doyle
CHIEF U.S. MAGISTRATE JUDGE